



*Not to be included*

469

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**...LD C. MANN**
**......Y GENERAL**

Mr. B. T. Walters
County Auditor, Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-5494
Re: Audit of expenditures by
Smith County in operation
of City-County Health Unit
and City-County Child
Welfare Unit.

Thank you for your letter of August 19th, in response
to ours of the 17th, requesting certain additional information
in order that we might reply to your request of July 24th for
the opinion of this department. As we understand your request
contained in this correspondence, you desire to be advised what
assurance, if any, you are entitled to receive in approving claims
against appropriations by Smith County in connection with the
City-County Health Unit and the City-County Child Welfare Unit
that the moneys have been spent for the purposes of the appro-
priations.

You call our attention to the fact that $7,800 has
been appropriated by the Commissioners' Court for "Travel Ex-
penses" and that the Commissioners' Court has also approved
monthly payments of substantial sums to the City-County Child
Welfare Unit. Your problem is concerned with what evidence
you are entitled to receive in performing your duties in audit-
ing and approving claims that the moneys have been spent only
for the purpose of their appropriation.

It is an elementary rule of law that before a commis-
sioners' court may undertake any project it must be able to
point to statutory authorization for its action. Commissioners'
Court v. Wallace, 15 S. W. (2d) 535; 11 Tex. Jur., page 563.

We have been unable to find any statutory authorization
for Smith County to cooperate with the City of Tyler in the main-
tenance of a City-County Health Unit and we advise you that for
the reasons given in Opinion No. O-4985, a copy of which is here-
with enclosed, Smith County has no such authority.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. B. T. Walters, page 2

We have also been unable to find statutory authorization for Smith County to cooperate in the formation and maintenance of a joint City-County Child Welfare Unit. Section 4 of Article 695a, V.A.C.S., authorizes the commissioners' court to appoint seven persons who shall constitute a Child Welfare Board for the county, and Section 40 of Article 695c, V.A.C.S., authorizes the commissioners' court to appropriate from its General Fund, or any other available fund, money for the administration of such a County Child Welfare Board, but neither that article nor Article 695a authorizes the commissioners' court either to establish or make appropriations for the joint activities of the city and county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                Jas. D. Smullen
                  Assistant

JDS:EP

Encl.

APPROVED SEP 2, 1943

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN